SMV:nlv:San Diego:5/4/23

~~SEALED~~ s/ dominicfrank

FILED
May 05 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ BreanneChandler  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

February 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>    v.<br><br>BRANDON SANCHEZ (1),<br>FRANCISCO AVILA (2),<br>███████████ (3),<br><br>        Defendants. | Case No. '23 CR0864 LL<br><br>I N D I C T M E N T<br><br>Title 21, U.S.C., Secs. 841(a)(1) and 846 - Conspiracy to Distribute Controlled Substances; Title 18, U.S.C., Sec. 371 - Conspiracy to Distribute Firearms Without a License; Title 18, U.S.C., Secs. 922(a)(1)(A) and 924(a)(1) - Engaging in the Business of Dealing in Firearms Without a License; Title 21, U.S.C., Sec. 841(a)(1) - Distribution of Controlled Substances; Title 18, U.S.C., Sec. 924(c)(1)(A) - Possession of Firearm in Furtherance of a Drug Trafficking Crime; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 18, U.S.C., Secs. 922(o) and 924(a)(2) - Transfer of a Machinegun; Title 21, U.S.C., Sec. 853, Title 18, U.S.C., Sec. 924(d)(1), Title 28, U.S.C., Sec. 2461(c) and Title 18, U.S.C., Sec. 982 - Criminal Forfeiture |

The grand jury charges:

Count 1

(Conspiracy to Distribute Controlled Substances)

Beginning no later than October 31, 2019 and continuing until at least September 9, 2020, within the Southern District of California and

elsewhere, defendants BRANDON SANCHEZ and FRANCISCO AVILA, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury, to distribute 50 grams and more of methamphetamine (actual), a mixture and substance containing a detectable amount of cocaine, and a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), both a Schedule II Controlled Substance; all in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

### Count 2
### (Conspiracy to Distribute Firearms Without a License)

Beginning no later than October 31, 2019 and continuing until at least September 9, 2020, within the Southern District of California, and elsewhere, defendants BRANDON SANCHEZ, FRANCISCO AVILA, and ▓▓▓▓▓ ▓▓▓▓▓ ▓▓▓▓▓, and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, and agree to commit certain offenses against the United States, that is to knowingly engage in the business of dealing in firearms without being licensed to do so under the provisions of Chapter 44, Title 18, United States Code; in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1).

### Object of the Conspiracy

It was the object of the conspiracy, that defendants would profit from their unlicensed manufacturing and sale of various firearms, magazines, and full auto conversion switches.

//
//
//
//

Overt Acts

In furtherance of said conspiracy, and to promote the objects thereof, defendants and others committed the following overt acts within the Southern District of California:

a. On or about October 29, 2019, a cooperating source ("CS") met with FRANCISCO AVILA at his place of work in Vista, CA. There, AVILA said, in substance and in part, "I got a bunch of shit right now. Like I got this Glock 17, bad a fuck, it's a whole custom top piece with a whole custom barrel, and it's ready for a silencer that connects right here...I got that one for eight."

b. On or about October 30, 2019, AVILA and the CS conversed via Snapchat and they agreed that AVILA would sell CS an AR-15 style firearm for $700.

c. On or about October 31, 2019, the CS went to AVILAs residence and met with AVILA and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ spoke with CS about making the firearm, an AR-15 type rifle, and transferring it from his vehicle, a Toyota Prius, to CSs car.

d. On or about November 16, 2019, AVILA contacted CS via AVILAs Snapchat account "Frankstahh.A, frankctr" and told CS that AVILA had an AR-15 type rifle for sale. AVILA sent a picture of the weapon and said he could sell it for $1,200.

e. On or about November 20, 2019, AVILA told CS that "Brandon" would be sent to meet with CS. Later that day, BRANDON SANCHEZ contacted CS and arranged a meeting time and location. CS and SANCHEZ met at that location in Escondido and SANCHEZ gave CS an AR-15 style rifle with no serial

numbers, two magazines, and a large black rifle case. SANCHEZ told CS that he had just finished cleaning the rifle case as he keeps his firearms buried in his back yard.

f. On or about February 18, 2020, AVILA contacted CS via Snapchat and informed CS that he had an ounce of cocaine and two Glock type handguns for sale for $3,000 total. CS agreed to the purchase.

g. On or about February 19, 2020, AVILA and SANCHEZ drove to AVILAs residence to meet with CS. When CS arrived, AVILA exited from SANCHEZs parked vehicle where CS was the driver and entered into CSs vehicle. While AVILA was in the car, he removed the two Glock type handguns with no serial numbers from his waistband and a baggie of cocaine from his pocket and gave them to CS. AVILA told CS that he had "full auto" "Glock 17s" on the way and could also sell a "drum" style magazine.



//

//

h. On or about March 10, 2020, AVILA contacted CS via Snapchat and informed CS that he had a fully automatic Glock style firearm for sale for $3,000.

i. On or about March 13, 2020, AVILA met with CS and provided CS with a Glock style handgun with no serial numbers and an uninstalled fully automatic conversion switch for the handgun. AVILA showed CS the gun and the switch and explained how the switch worked and how to install it. AVILA advised that CS should not get caught with the switch and said that the "little homies" that brought him the switch said it was "10 years" in custody to get caught with it.

j. On or about June 10, 2020, AVILA contacted CS and offered to sell a Glock tyle handgun and a 50-round drum magazine for $1,800.

k. On or about June 11, 2020, AVILA met with CS at AVILAs residence and sold the Glock style handgun and drug magazine to CS all inside a black gun case.



1. On or about June 16, 2020, AVILA contacted CS about selling another AR-15 style rifle for $2,000 on behalf of another person. That evening, a Toyota Prius was observed driving toward AVILAs residence and parking approximately one block away. The driver was identified as WHITE with an unidentified passenger. CS arrived at the residence and purchased the rifle from AVILA. After CS left, WHITE drove the Prius to AVILAs driveway and met with AVILA briefly. When WHITE drove away from AVILAs residence, his vehicle was stopped by law enforcement who observed that WHITEs juvenile child was in the vehicle.

m. On or about July 7, 2020, SANCHEZ contacted CS via SANCHEZs Snapchat account "tupapi420yo". SANCHEZ offered to sell CS an ounce of cocaine. CS inquired about also purchasing an AR-15 rifle and SANCHEZ said he could sell it for $1,500. SANCHEZ noted that he did not have ammunition for the AR-15 because "I don't pass background."

n. On or about July 8, 2020, CS and SANCHEZ met in a parking lot in Escondido where SANCHEZ sold CS an AR-15 style rifle with no butt stock and no serial numbers along with an ounce of cocaine for $3,000 total.



o. On or about August 17, 2020, SANCHEZ and CS discussed firearms via Snapchat. In sum and substance, SANCHEZ stated that he could sell an AR-15 style rifle with a butt stock for $1,700 and he would need two days to have it ready after informing "the builder" of the order.

p. On or about September 8, 2020 and September 9, 2020, SANCHEZ and CS exchanged numerous messages about this deal and

SANCHEZ agreed to sell an AR-15 style rifle and 50 M-30 pills (fentanyl) to CS for $2,250.

q. On or about September 9, 2020, CS and SANCHEZ met and SANCHEZ sold the AR-15 style rifle with no serial numbers along with 50 M-30 pills to CS.



r. During the exchange, SANCHEZ told CS that was about to pick up a fully automatic "P90" from AVILA and stated that it had a silencer. SANCHEZ later posted on Snapchat and sent a message to CS showing that he had obtained the fully automatic P90 with a silencer and green and red dot sight.

All in violation of Title 18, United States Code, Section 371.

## Count 3

(Engaging in the Business of Dealing Firearms Without a License)

The allegations of Count 2 above are realleged and incorporated by reference as if fully set forth herein.

Beginning no later than October 31, 2019 and continuing until at least September 9, 2020, within the Southern District of California, defendants FRANCISCO AVILA, BRANDON SANCHEZ, and ▮▮▮▮▮, not being licensed importers, manufacturers, or dealers of firearms, willfully engaged in the business of dealing in firearms; all in

violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

### Count 4

#### (Distribution of Methamphetamine)

On or about November 7, 2019, within the Southern District of California, defendants BRANDON SANCHEZ and FRANCISCO AVILA, did knowingly distribute 50 grams and more, to wit: approximately 109 grams of methamphetamine (actual), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### Count 5

#### (Distribution of Cocaine)

On or about January 23, 2020, within the Southern District of California, defendants BRANDON SANCHEZ and FRANCISCO AVILA, did knowingly distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

### Count 6

#### (Distribution of Cocaine)

On or about February 19, 2020, within the Southern District of California, defendants BRANDON SANCHEZ and FRANCISCO AVILA, did knowingly distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

//
//

Count 7

(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about February 19, 2020, within the Southern District of California, defendants BRANDON SANCHEZ and FRANCISCO AVILA, did knowingly possess firearms, to wit, two Glock style unserialized semi-automatic handguns in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Distribution of Cocaine as alleged in Count 6 of this Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A), and Title 18, United States Code, Section 2.

Count 8

Transfer of a Machinegun

On or about March 13, 2020, within the Southern District of California, defendant FRANCISCO AVILA, did knowingly transfer a machinegun, to wit, a part designed and intended solely and exclusively, and in combination of parts designed and intended, for use in converting a weapon into a machinegun, and said machinegun was not registered to defendant FRANCISCO AVILA in the National Firearms Registration and Transfer Record; in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

Count 9

Distribution of Cocaine

On or about July 8, 2020, within the Southern District of California, defendant BRANDON SANCHEZ, did knowingly distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

//

10

## Count 10

### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about July 8, 2020, within the Southern District of California, defendant BRANDON SANCHEZ, did knowingly possess a firearm, to wit, an AR-15 style unserialized rifle, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Distribution of Cocaine as alleged in Count 1 of this Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A).

## Count 11

### (Distribution of Fentanyl)

On or about July 16, 2020, within the Southern District of California, defendant BRANDON SANCHEZ did knowingly distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

## Count 12

### (Distribution of Fentanyl)

On or about August 5, 2020, within the Southern District of California, defendant BRANDON SANCHEZ did knowingly distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

//
//
//

11

## Count 13

### (Distribution of Fentanyl)

On or about September 9, 2020, within the Southern District of California, defendant BRANDON SANCHEZ did knowingly distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

## Count 14

### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about September 9, 2020, within the Southern District of California, defendant BRANDON SANCHEZ, did knowingly possess a firearm, to wit, an AR-15 style unserialized rifle in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Distribution of Fentanyl as alleged in Count 17 of this Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 14 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of the felony offenses alleged in Counts 1, 4 through 6, 9, and 11 through 13 of this Indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2),

defendants BRANDON SANCHEZ and FRANCISCO AVILA, shall, upon conviction, forfeit to the United States all their rights, title and interest in any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the offenses, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts 1, 4 through 6, 9, and 11 through 13 of this Indictment.

3. Upon conviction of the offense alleged in Counts 2, 3, 7, 8, 10, and 14 this Indictment, defendants BRANDON SANCHEZ, FRANCISCO AVILA, and ▮▮▮▮▮▮▮▮ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense, including but not limited to, five (5) unserialized AR-15 style rifles, four (4) unserialized Glock type handguns, one full-auto conversion switch, and one fifty-round drum magazine.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be subdivided without difficulty;

//
//

```
1  it is the intent of the United States, pursuant to Title 21, United
2  States Code, Section 853(p) and Title 18, United States Code,
3  Section 982(b), to seek forfeiture of any other property of the
4  defendants up to the value of the property listed above as being subject
5  to forfeiture.
6  All pursuant to Title 21, United States Code, Section 853, Title 18,
7  United States Code, Section 924(d)(1), Title 28, United States Code,
8  Section 2461(c), and Title 18, United States Code, Section 982(a)(1).
9      DATED: May 5, 2023.
```

RANDY S. GROSSMAN
United States Attorney

By: _____
SEAN VAN DEMARK
MATTHEW J. SUTTON
Assistant U.S. Attorneys

I hereby attest and certify on 5/9/23
That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By B. Chandler _____ Deputy

14